[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in this action has alleged that special shoes which he was required to wear in the course of his employment caused him bodily injury, and he has brought an action against four manufacturers and/or distributors of the shoes. There are three counts brought against each of the defendants, and the allegations as to each are essentially identical. The first, fourth, seventh and tenth counts allege compensatory damages under the Products Liability Act, §§ 52-572m et seq. of the General Statutes. Counts two, five, eight and eleven allege punitive damages under the Products Liability Act. The third, sixth, ninth and twelfth counts allege violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), §§ 42-110a et seq. of the General Statutes. Relying on the "exclusive remedy" provision of the Products Liability Act, § 52-572n(a), the defendants have moved to strike those counts brought under CUTPA.[1]
This issue has been the subject of many Superior Court decisions and there is no binding appellate authority. Ably and responsibly, the parties have candidly cited the cases and have reported them accurately. It is fair to say, as the parties have, that the cases fall into three general categories. Some courts have held, by a reading of the statutory language, that all CUTPA claims are barred by virtue of § 52-572n(a). Others have held, with reference to legislative history, that none are barred by that section. Those in the third category analyze the pleadings to determine whether the CUTPA claim is "functionally equivalent" to an action cognizable under the Products Liability Act; if so, it is barred.
I believe that the functional equivalence test is appropriate. See Tropp and Rotondo, "The Preclusive Effect of the Connecticut Product Liability Act on Connecticut Unfair Trade Practice Act Claims", 70 Conn. B. J. No. 5, 333 (1996). In the care at hand, the counts alleging CUTPA claims include only allegations which also appropriately state product liability claims. In fact, the factual allegations are incorporated by reference from counts claiming recovery in products liability. The claims in this case, are, then, foreclosed by § 52-572n(a) and the motion to strike is granted. See, e.g., Abbhi v. AMI, 1997 WL 325850 (Silbert, J.) CT Page 12411 (1997).
Beach, J.